**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

v.

APRIL D. REYNOLDS, a/k/a Nettie,

       *Defendant-Appellant.*

No. 01-4724

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Frederick P. Stamp, Jr., District Judge.
(CR-00-7)

Submitted: March 21, 2002

Decided: March 29, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**COUNSEL**

Michelle Roman Fox, Elkins, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

April D. Reynolds appeals the sentence of forty-one months imprisonment she received following her guilty plea to one count of distribution of crack cocaine, 21 U.S.C.A. § 841(a) (West 1999). We affirm in part and dismiss in part.

Reynolds first challenges the district court's decision that she was not a minor participant in the offense under *U.S. Sentencing Guidelines Manual* § 3B1.2(b) (2000) because she merely acted as a runner. Although Reynolds may not have been paid by the other conspirators for her assistance, she obtained crack for an undercover officer and sold it to him. Because a drug seller in a drug conspiracy does not have a minor role, *see United States v. Brooks*, 957 F.2d 1138, 1149 (4th Cir. 1992), the district court did not clearly err in denying her the adjustment.

Reynolds next argues that the $10 fine she received for a 1995 misdemeanor battery conviction should not have been counted in her criminal history because she was denied the appointment of counsel. We find that the fine was properly counted. Reynolds retained an attorney to represent her with respect to the battery charge. Moreover, even a prior uncounseled misdemeanor conviction may be counted if it did not result in sentence of imprisonment. *See Nichols v. United States*, 511 U.S. 738, 748-49 (1994); USSG § 4A1.2, backg'd (same). Reynolds further alleges that the two-year delay between the underlying incident and execution of the warrant for her arrest violated her due process rights. However, a sentence resulting from a prior conviction that has not been ruled constitutionally invalid must be counted. USSG § 4A1.2, comment. (n.6).

Finally, Reynolds contends that the district court abused its discretion when it denied her motion for a downward departure based on extraordinary post-offense rehabilitation. Because the court recognized its authority to depart on this ground, its determination that Reynolds' rehabilitation was commendable but not extraordinary is not reviewable on appeal. *United States v. Matthews*, 209 F.3d 338, 352-53 (4th Cir.), *cert. denied*, 531 U.S. 910 (2000).

We therefore affirm the sentence. We dismiss that portion of the appeal which contests the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*